DECISION AND JOURNAL ENTRY
Appellant, Donald G. Palmer, appeals from the decision of the Summit County Court of Common Pleas, adjudging him a sexual predator. We affirm.
On September 8, 1971, the Summit County Grand Jury indicted Mr. Palmer on one count of sodomy, in violation of the former R.C. 2905.44.[1] This charge arose from an incident during which Mr. Palmer entered the victim's place of employment, pulled out a knife or a pair of scissors, held the weapon to the victim's throat, and forced her to perform oral sex on him. It further appears from the record that Mr. Palmer threatened a second victim with a weapon and forced her to perform fellatio. On October 20, 1971, Mr. Palmer pleaded guilty to sodomy. Accordingly, the trial court sentenced Mr. Palmer to an indeterminate period of not less than one year and not more than twenty years in prison. After reviewing three psychiatric evaluations concerning Mr. Palmer, the trial court determined that Mr. Palmer was a "psychopathic offender" and further ordered that Mr. Palmer be committed indefinitely to the former Department of Mental Hygiene and Correction of the State of Ohio and that the sentence for sodomy be held in suspense until Mr. Palmer recovered.
On October 25, 1999, while Mr. Palmer was still incarcerated, a hearing was held before the Summit County Court of Common Pleas to determine whether Mr. Palmer is a sexual predator under R.C. Chapter 2950. At the hearing, Mr. William Wilcox, a retired police officer for the City of Akron, testified that he arrested Mr. Palmer on July 2, 1971 and that Mr. Palmer admitted to molesting a woman earlier the same day. In addition to this testimony, the court also relied on three psychiatric evaluations of Mr. Palmer, which were completed in 1971 and used by the initial trial court to make its psychopathic offender determination. In a journal entry dated October 28, 1999, the court held that after considering the record and the criteria set forth in R.C. 2950.09, the court "finds by clear and convincing evidence that [Mr. Palmer] is a sexual predator" subject to community notification and registration of residence requirements, pursuant to R.C. Chapter 2950. (Emphasis original.) This appeal followed.
Mr. Palmer asserts one assignment of error:
 THE JUDGMENT THAT APPELLANT IS A SEXUAL PREDATOR IS VOID AS A MATTER OF LAW AS THE TRIAL COURT WAS WITHOUT JURISDICTION TO RENDER SUCH JUDGMENT.
 Mr. Palmer contends that the trial court did not have jurisdiction to adjudge him a sexual predator because he was not convicted of a sexually oriented offense within the meaning of R.C. Chapter 2950. Specifically, Mr. Palmer avers that to be classified as a sexually oriented offense, the crime of sodomy must be substantially equivalent to one of the offenses currently enumerated in R.C. 2950.01(D) (1)-(4). He argues that since the crime of sodomy is not substantially equivalent to one of the enumerated offenses in R.C. 2950.01(D) (1)-(4), sodomy is not a sexually oriented offense within the meaning of R.C. Chapter 2950, and therefore, the trial court did not have jurisdiction to adjudge him a sexual predator. We disagree.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(D) defines a "sexually oriented offense" and states in relevant part:
 (D) "Sexually oriented offense" means any of the following offenses:
 (1) Regardless of the age of the victim of the offense, a violation of section 2907.02 [rape], 2907.03 [sexual battery], or 2907.05 [gross sexual imposition] of the Revised Code;
* * *
 (5) A violation of any former law of this state that was substantially equivalent to any offense listed in division (D)(1), (2), (3), or (4) of this section[.]
 In the present case, we find that the trial court had jurisdiction to designate Mr. Palmer a sexual predator, as the criminal acts for which Mr. Palmer was convicted are substantially equivalent to the current offenses of sexual battery or gross sexual imposition. R.C. 2907.03 defines sexual battery and states in relevant part: "[no] person shall engage in sexual conduct with another, not the spouse of the offender, when * * * [t]he offender knowingly coerces the other person to submit by any means that would prevent resistance by a person of ordinary resolution." R.C. 2907.03(A)(1). "Sexual conduct" includes "vaginal intercourse between a male and female; and anal intercourse, fellatio, and cunnilingus between persons regardless of sex[.]" R.C. 2907.01(A). R.C. 2907.05(A)(1) sets forth the elements of gross sexual imposition and states in pertinent part: "[n]o person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender * * * when * * * [t]he offender purposefully compels the other person * * * to submit by force or threat of force." "Sexual contact" is defined as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B). Here, the evidence demonstrates that Mr. Palmer entered the victim's place of employment, held a weapon (either a knife or scissors) to her throat, and forced her to perform oral sex on him. Further, the record evidences that Mr. Palmer committed a similar crime against a second victim. Since Mr. Palmer's criminal acts are substantially equivalent to the current offenses of sexual battery and gross sexual imposition, which are sexually oriented offenses within the meaning of R.C. 2950.01(D), we conclude that the trial court had jurisdiction to adjudge Mr. Palmer to be a sexual predator.
Mr. Palmer's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 _____________________ WILLIAM G. BATCHELDER
SLABY, J., CARR, J., CONCUR.
[1] R.C. 2905.44 stated in pertinent part that "[n]o person shall have carnal copulation with a beast, or in any opening of the body, except sexual parts, with another human being." This statute was repealed, effective January 1, 1974.